UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Edward Walter Broadnax, III, | ) C/A No. 9:14-2828-MGL-BM |
| Plaintiff, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| R.L. Turner; SGT. Daniel Cotter; Bryan P. Stirling; Larry Cartledge; CPRL. Burzinski, | ) |
| Defendants. | ) |

The Plaintiff, Edward Walter Broadnax, III, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. He is an inmate at the Perry Correctional Institution, part of the South Carolina Department of Corrections ("SCDC"). Plaintiff seeks monetary damages and injunctive relief for alleged violations of his state and federal constitutional rights.

Under established local procedure in this judicial district, a careful review has been made of the pro se Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915 and § 1915A, the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996), and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992), Neitzke v. Williams, 490 U.S. 319 (1989), Haines v. Kerner, 404 U.S. 519 (1972), Nasim v. Warden, Maryland House of Corr., 64 F.3d 951 (4th Cir. 1995), and Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). Pro se complaints are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a pro se complaint to allow the development of a potentially meritorious case. Hughes v. Rowe, 449

U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972); Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)).

However, even when considered pursuant to this liberal standard, for the reasons set forth herein below this case is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662 (2009) [outlining pleading requirements under the Federal Rules of Civil Procedure].

## Discussion

SCDC records indicate that on July 8, 2012, Plaintiff began serving a four-year sentence for a burglary-third degree conviction. See http://public.doc.state.sc.us/scdc-public/ [Search Inmate "Edward Broadnax" Number 329602].[1]  Plaintiff alleges that on November 27, 2013, Defendants Cotter and Burzinski searched his room and seized a piece of paper containing Plaintiff's Facebook account login information and two phonebooks containing email addresses. Plaintiff was charged on December 11, 2013 with creating and/or assisting with a social networking site (SCDC offense number 905). While incarcerated, Plaintiff allegedly updated his Facebook page twelve times in August 2013, fourteen times in September 2013, and fourteen times in October 2013. During Plaintiff's disciplinary hearing conducted on December 19, 2013, Defendant Burzinski allegedly admitted that he (Burzinski) conducted his own investigation as to the charged matters from his home (rather than at SCDC). Plaintiff asserts that he presented the hearing officer with a

---

[1] This Court "may properly take judicial notice of matters of public record." See Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

2

printout of his current Facebook page, which allegedly showed that his Facebook account had not been updated since 2010 (prior to his incarceration). Nonetheless, Plaintiff alleged that he was found guilty of the disciplinary charge and that Defendant Turner (the hearing officer) sentenced him to 7,200 days lock-up time; 21,700 days of no visitation, phone, and canteen privileges; and the forfeiture of 240 days of good time credit. Plaintiff alleges that SCDC had no evidence he aided or abetted anyone to update a website, and that the sanctions imposed were unjust, unfair, inappropriate, and manifestly excessive. Plaintiff also contends that the email address and login information seized from him are not defined as contraband under SCDC policies, and that to convict him on the disciplinary charge, the SCDC needed to present evidence of a cell phone, an IPA address, or testimony from a witness who saw or knew about the Facebook page updates. Plaintiff alleges that Defendants' actions violated his First, Eighth, and Fourteenth Amendment rights, and that Director Stirling "created a policy encouraging illegal acts." Plaintiff seeks the vacating of all sanctions imposed, the restoration of lost good time credits, and monetary damages.

In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the United States Supreme Court held that a state prisoner's claim for damages is not cognizable under § 1983 where success of the action would implicitly question the validity of the conviction or duration of the sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. The Supreme Court subsequently extended the holding in Heck to a prisoner's claim for damages regarding loss of good time credits. See Edwards v. Balisok, 520 U.S. 641, 648 (1997) [A "claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."]; see also Edwards v. Ogunsile, No. 0:09-3319-TLW-PJG, 2011 WL 779884 at *3

3

(D.S.C. Jan. 24, 2011)["The rule in Heck applies to prison disciplinary convictions as well as criminal ones."], adopted by 2011 WL 780540 (D.S.C. Feb. 28, 2011); Bryan v. SCDC, No. 3:08-cv-846-RBH, 2009 WL 3166632 at *5 (D.S.C. Sept. 29, 2009) [noting that a § 1983 claim for injunctive relief related to a disciplinary hearing is also barred by Heck where a judgment in the plaintiff's favor would imply the invalidity of the disciplinary proceedings (citation omitted)].

While Heck does not universally apply to all suits challenging prison disciplinary proceedings or institutional offense convictions, in situations where the administrative action affected credits toward release based on good time served, Heck bars the § 1983 claim, if the plaintiff has not previously successfully challenged the conviction. Cf. Muhammad v. Close, 540 U.S. 749, 751 (2004) ["Heck's requirement to resort to state litigation and federal habeas before § 1983 is not . . . implicated by a prisoner's challenge that threatens no consequence for his conviction or the duration of his sentence."]. Here, Plaintiff alleges he lost 240 days of good time credits as a result of his disciplinary conviction. Therefore, the favorable termination requirement of Heck applies in the instant circumstance, and Plaintiff's claims for damages and injunctive relief against the Defendants are barred by the holdings in Heck and Edwards, because Plaintiff has not demonstrated that his disciplinary conviction has been reversed or invalidated.

Additionally, to the extent that Plaintiff seeks a reinstatement of his good time credits, which would reduce the length of his prison term, he is seeking a determination that he is entitled to "a speedier release from imprisonment." In Heck, the Supreme Court reiterated that release from prison is a remedy available only in a habeas action. "Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." Heck, 512

4

U.S. at 481. In Wilson v. Johnson, 535 F.3d 262 (4th Cir. 2008), the Fourth Circuit Court of Appeals affirmed the continued authority of Preiser[2] and Heck as a bar which precludes a current prisoner, who could otherwise bring a habeas action, from seeking habeas-type relief in some other action. In South Carolina, Plaintiff would still need to pursue the matter through the South Carolina Administrative Law Court ("ALC") appeal prior to filing a habeas action in this court. See SCDC Inmate Grievance System Procedures Issued 1-1-2006, Numbers 13.7-13.9 (requiring the inmate to appeal the result of a disciplinary hearing to the South Carolina Administrative Law Court); Furtick v. South Carolina Dep't of Corr., 649 S.E.2d 35 (S.C. 2007)[reaffirming that, under the Administrative Procedures Act, the Administrative Law Court "has jurisdiction over all inmate grievance appeals that have been properly filed"], abrogated by, Howard v. S.C. Dep't of Corrs., 733 S.E.2d 211, 215–18 (S.C. 2012)[interpreting a post-Furtick statutory amendment to S.C. Code Ann. § 1–23–600(D) and holding that the ALC lacked jurisdiction over an inmate's appeal involving the loss of the opportunity to earn sentence-related credits and no state-created property or liberty interest]; see also Dicks v. South Carolina Dep't of Corr., No. 9:06-cv-663-HFF-GCK, 2006 WL 1207851 at *3 (D.S.C. 2006). Cf. Braden v. 30th Judicial Circuit Ct., 410 U.S. 484, 490–91 (1973); see also Duncan v. West Virginia, 597 F. Supp. 1195, 1196 (S.D.W.Va.1984) ["Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915[] finding a complaint frivolous." (citations omitted)]. Plaintiff asserts that he completed step

---

[2]Preiser v. Rodriguez, 411 U.S. 475, 500 (1973)(complaint or petition challenging the fact or duration of confinement should be construed and processed as a habeas corpus petition, while a complaint or petition challenging the conditions of confinement should be construed and processed as a complaint pursuant to 42 U.S.C. § 1983).



5

two of the SCDC grievance procedure on June 10, 2014, but there is no indication he appealed the result to the state administrative law court. See ECF No. 1 at 2, ECF No. 1-1 at 1.

### Recommendation

Based on the foregoing, it is recommended that the Court dismiss Plaintiff's Complaint without prejudice and without issuance and service of process.

Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

August 25, 2014
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



7