

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| EDWARD WALTER BROADNAX, III,<br>    Plaintiff, | §<br>§<br>§ |
| vs. | § CIVIL ACTION NO. 9:14-2828-MGL-BM<br>§ |
| R.L. TURNER,<br>SGT. DANIEL COTTER,<br>BRYAN P. STIRLING,<br>LARRY CARTLEDGE,<br>and CPRL. BURZINSKI,<br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§ |

ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PLAINTIFF'S ACTION WITHOUT PREJUDICE
AND WITHOUT ISSUANCE AND SERVICE OF PROCESS

This case was filed as a 42 U.S.C. § 1983 action. Plaintiff is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting that Plaintiff's action be dismissed without prejudice and without issuance and service of process. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 25, 2014, and the Clerk of Court entered Plaintiff's objections on September 5, 2014. The Court has considered the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

Plaintiff is presently serving a four-year term of imprisonment after having been convicted of burglary in the third degree. During a December 19, 2013, disciplinary hearing, Plaintiff was found guilty of violating SCDC charge 905–creating or assisting with a social networking site–and was allegedly sentenced to 7,200 days of lock-up time; 21,700 days of no phone, no visits, and no canteen privileges; and the loss of 240 days of good time credits. In Plaintiff's complaint, he alleges that his federal (First, Eighth, and Fourteenth Amendment) and state constitutional rights were violated. He seeks monetary damages, restoration of good time credits, and restoration of the other privileges (phone, visitation, and canteen) taken away from him.

The Magistrate Judge suggests that the Court dismiss the case without prejudice and without issuance and service of process based upon *Heck v. Humphrey*, 512 U.S. 477 (1994) and its progeny. The Magistrate Judge noted that the *Heck* Court held that a state prisoner's claim for damages under § 1983 will fail when success on the prisoner's action would necessarily invalidate the conviction and thereby affect the duration of the prisoner's sentence, except when the prisoner can demonstrate that the conviction has been invalidated. *Id*. at 487. Three years later, in *Edwards v. Blaisok*, 520 U.S. 641 (1997), the Supreme Court extended its holding in *Heck* to include a prisoner's claim for damages for alleged constitutional violations in connection with the taking of good time credits as a sanction for a prison disciplinary violation. *Id.* at 648 (holding that a "claim for declaratory relief

2

and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983.").

The Magistrate Judge also cites *Heck* for the proposition that, to the extent that Plaintiff was seeking reinstatement of his good time credits, such relief would be found in the habeas arena, not in a § 1983 action. *See Heck*, 512 U.S. at 481 ("Habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983.").

In Plaintiff's first objection, he states that he was required to exhaust only steps one and two of the grievance procedures before he filed suit. This objection seems to be in response to the Magistrate Judge's discussion about the exhaustion process for appealing the result of a disciplinary hearing before filing a habeas petition. But Plaintiff has filed a § 1983 action, not a habeas petition. Consequently, the Court will overrule this objection.

In Plaintiff's second objection, in what appears to be a reply to the Magistrate Judge's discussion of the *Heck* line of cases, Plaintiff states that he "drops the seeking of his good time credits and reinstatement of visits, phone, [and] canteen [privileges.] [T]he main focus is SCDC's policy and constitutional violations (1st, 14th, [and] 8th)." Objections 1. As such, it appears that he is still seeking money damages. But, "a state prisoner's § 1983 action is barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)–*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

3

Here, Plaintiff's SCDC policy and constitutional claims are so intertwined with his allegations of the impropriety of the disciplinary proceeding that a ruling in his favor here would necessarily imply the invalidity of the disciplinary hearing result and, consequently, would affect the duration of his prison sentence because 240 hours of accrued good time credits were allegedly taken away as part of the sanctions imposed for the disciplinary conviction. This is so whether Plaintiff is directly pursuing restoration of his good time credits or not. Put another way, if Plaintiff were successful in this action and the Court were to determine that Plaintiff's disciplinary proceedings were infirm, that conclusion would necessarily demonstrate the invalidity of his disciplinary hearing, which would then mean he would be entitled to reinstatement of his good time credits. And, the reinstatement of Plaintiff's good time credits would shorten the duration of his confinement. Thus, because "a state prisoner's § 1983 action is barred" in a situation such as this one in which "success in that action would necessarily demonstrate the invalidity of confinement or its duration[,]" *Wilkinson v. Dotson*, 544 U.S. at 81-82, the Court will also overrule this objection.

After a thorough review of the Report and the record in this case pursuant to the standards set forth above, the Court overrules Plaintiff's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of this Court that Plaintiff's action is **DISMISSED WITHOUT PREJUDICE** and without issuance and service of process.

**IT IS SO ORDERED**.

Signed this 18th day of September, 2014, in Spartanburg, South Carolina.

s/ Mary G. Lewis
MARY G. LEWIS
UNITED STATES DISTRICT JUDGE

*****
### NOTICE OF RIGHT TO APPEAL

Plaintiff is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

4